UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Angela Bingham and Mattie Williams,

    Plaintiffs,

v.                                            Case No. 10-11917

Bank of America, N.A., a Michigan                Honorable Sean F. Cox
corporation, *et al.*,

    Defendants.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

In this action, Plaintiffs assert various claims against their mortgage lenders, which are all based on an alleged oral promise by Defendants regarding modifying Plaintiffs' mortgage and/or foregoing their right to foreclose. The matter is currently before the Court on Defendants' Motion to Dismiss, brought pursuant to FED. R. CIV. P. 12(b)(6). The parties have briefed the issues and the Court heard oral argument on August 26, 2010. As explained below, the Court shall GRANT Defendants' motion and dismiss this action. Plaintiffs' claims, which are all based on an alleged oral promise regarding modifying Plaintiffs' mortgage and/or foregoing foreclosure, are barred by the applicable statute of frauds.

BACKGROUND

The property at issue in this action is located at 29235 Kensington Court, in Southfield, Michigan ("the Property"). (Compl. at ¶ 6). Plaintiffs purchased the Property in June, 2008. (*Id*. at ¶ 9).

In February 2009, Plaintiffs experienced financial difficulties. Plaintiffs allege that they

1

"directly contacted the Defendant(s) and their assignee or assignor, Taylor, Bean and Whitaker in order to apply for a Loan Modification." (Compl. at ¶ 10). Plaintiffs allege that Defendants "were receptive to a Loan Modification for the Plaintiffs" and that Plaintiffs sent Defendants documents for a loan modification. (Compl. at ¶¶ 10 & 11). They further allege that unidentified representatives of Defendant promised or represented that Defendants would modify Plaintiffs' loan. (Compl. at ¶ 50). They allege that notwithstanding having knowledge that Plaintiffs were attempting to enter into a loan modification in order to keep possession of their home, Defendants foreclosed on the Property without allowing Plaintiffs to modify the loan. (Compl. at ¶¶ 24 & 25).

It is undisputed that: 1) Defendant HUD purchased the Property at the July 28, 2009 Sheriff's Sale (*see* Ex.C to Defs.' Motion); 2) the Sheriff's Deed was recorded on August 4, 2009; 3) the redemption period expired on January 28, 2010; and 4) Plaintiffs did not cure the default before the expiration of that period. (Pls.' Resp. Br. at 2).

On April 7, 2010, Plaintiffs filed this action against Defendants Bank of America, NA ("BOA") and The Department of Housing and Urban Development ("HUD") in Oakland County Circuit Court. Plaintiffs' complaint asserts the following counts: Quiet Title" (Count I); "Unjust Enrichment" (Count II); "Breach of Implied Agreement/Specific Performance" (Count III); "Innocent/Negligent Misrepresentation" (Count IV); "Intentional Misrepresentation" (Count V); "Fraud, Based Upon Silent Fraud and Bad Faith Promises" (Count VI); "Constructive Trust" (Count VII); "Breach of Public Policy for the State of Michigan" (Count VIII); and "Injunction" (Count IX).

Defendants removed the action to this Court on May 12, 2010, asserting diversity

jurisdiction and jurisdiction under 28 U.S.C. § 1442.

On May 17, 2010, Defendants filed the instant motion. Defendants ask the Court to dismiss Plaintiffs' claims, pursuant to FED. R. CIV. P. 12(b)(6).

ANALYSIS

A.  All Claims In This Action Are Based Upon An Alleged Oral Promise By Defendants Regarding Modifying Plaintiffs' Mortgage And/Or Foregoing Foreclosure And They Are Therefore Barred By M.C.L. § 566.132(2).

Defendants' motion seeks dismissal of Plaintiffs' claims on several grounds. Notably, in responding to Defendants' motion, Plaintiffs confirm that their claims are all based on an alleged oral promise by Defendants regarding modifying Plaintiffs' mortgage and/or foregoing foreclosure:

> Defendants' Motion for Summary Judgment has missed the *gravamen* of Plaintiffs' Verified Complaint. Plaintiffs' Complaint is simple and straight forward. *Defendants mislead [sic] Plaintiffs and their representatives into believing that they would obtain a Loan Modification before Defendants would go forward with a Sheriff Sale*. If the Plaintiffs or their representative had known that Defendants would go forward with the Sheriff Sale, Plaintiffs would have filed a Chapter 13 bankruptcy, obtained a TRO or *confirmed in writing* that Defendants would adjourn the Sheriff Sale until after the Loan Modification decision was made.

(Pls.' Br. at ii) (emphasis added). Plaintiffs claim that after they submitted loan modification paperwork, an unidentified representative of Defendants orally promised that Defendants would not go through with the Sheriff's sale. (*See* 8/26/10 Hearing Tr.).

Defendants contend that because all of Plaintiffs' claims are based on Defendants' alleged oral promises regarding loan modification/foregoing right to foreclose on the mortgage, the claims are barred by the applicable statute of frauds, M.C.L. § 566.132. The Court agrees.

Michigan's statute of frauds, M.C.L. § 566.132, "requires certain types of agreements to

3

be in writing before they can be enforced." *Crown Technology Park v. D&N Bank*, *FSB*, 242 Mich.App. 538, 548 (2000). The statute provides, in pertinent part:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> > (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> >
> > (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> >
> > (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L. § 566.132(2).

In *Crown Technology Park*, the Michigan Court of Appeals held that above "language is unambiguous. It plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Technology Park,* 242 Mich.App. at 550. The court explained that the above section of the statute "specifically bars 'an action.' By not specifying what sort of 'action' M.C.L. § 566.132(2) prohibits, we read this as an unqualified and broad ban." *Id.* That is, "the Legislature used the broadest possible language" in M.C.L. § 566.132(2) "to protect financial institutions by not specifying the types of 'actions' it prohibits, *eliminating the possibility of creative pleading to avoid the ban*." *Id.* at 551 (emphasis added).

Here, Plaintiffs have attempted to do just that – use creative pleading to avoid the ban. Plaintiffs' complaint asserts nine separate counts. Despite the various labels Plaintiffs attach to

these counts, however, each count[1] is based on an alleged promise by Defendants to modify Plaintiffs' mortgage and/or forego its right to foreclose. Notably, nowhere in Plaintiffs' complaint do they allege that there is any agreement in writing, signed with an authorized signature by Defendants, wherein Defendants made such promises. In addition, any alleged oral promises fall squarely within the express language of the statute and are barred by M.C.L. § 566.132(2). *Crown Technology Park, supra*; *see also Ajami v. IndyMac Mort. Svs*., 2009 WL 3874680 (E.D. Mich. 2009) (plaintiffs' claim based on alleged oral promise regarding modifying plaintiff's mortgage is barred by M.C.L. § 566.132(2)).

Accordingly, the Court shall dismiss Plaintiffs' complaint pursuant to FED. R. CIV. P. 12(b)(6).

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED and Plaintiffs' complaint is DISMISSED.

---

[1] At the hearing, Plaintiffs Counsel asserted that Plaintiffs' silent fraud claim should not be barred by the statute of frauds because it is not based on an alleged oral promise, but rather, is based on a failure to disclose by Defendants. The Court disagrees. To establish an actionable claim of silent fraud, a plaintiff must "show some type of representation by words or actions that was false or misleading and was intended to deceive." *Roberts v. Saffell*, 280 Mich.App. 397, 404 (2008). Here, Plaintiffs do not dispute that they had actual notice of the foreclosure proceedings and the Sheriff's sale. Rather, Plaintiffs allege that they submitted loan modification paperwork to Defendants during the foreclosure process and that an unidentified representative of Defendants orally promised that Defendants would not "go through with" the Sheriff's sale after receiving the loan modification package. (*See* 8/26/10 Hearing Tr.). Thus, the silent fraud claim, like all the other claims, is based on an alleged oral promise.

5

IT IS SO ORDERED.

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: September 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2010, by electronic and/or ordinary mail.

                                                S/Jennifer Hernandez
                                                Case Manager