UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Angela Bingham and Mattie Williams,

      Plaintiffs,

v.                                 Case No. 10-11917

                                 Honorable Sean F. Cox

Bank of America, *et al.*,

      Defendants.

_____/

## ORDER DENYING
## PLAINTIFFS' MOTION FOR RECONSIDERATION

      Plaintiffs filed this action asserting various claims against their mortgage lenders, which are all based on alleged oral promise by Defendants regarding modifying Plaintiffs' mortgage and/or foregoing their right to foreclose.  In an Opinion & Order issued on September 14, 2010, this Court granted Defendants' Motion to Dismiss.

      On September 29, 2010, Plaintiffs filed the instant Motion for Reconsideration.  (Docket Entry No. 13).  The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon the briefs.

      Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

For the reasons below, the Court concludes that Plaintiff's Motion for Reconsideration must be denied.

First, Plaintiffs' Motion for reconsideration is untimely.  Local Rule 7.1(h) governs motions for rehearing or reconsideration and provides that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."  L.R. 7.1(h). Here, this Court's Opinion & Order granting Defendants' Motion to Dismiss, and the final judgment in this action, were entered on September 14, 2010.  (*See* Docket Entry Nos. 11 & 12). Thus, any motion for reconsideration had to be filed by September 28, 2010.

Second, even if the motion had been timely filed, Plaintiffs have not demonstrated a palpable defect by which the Court and the parties have been misled.  Rather, Plaintiffs' motion for reconsideration simply asks this Court to reconsider its ruling in light of a decision that Plaintiffs did not present to the Court in their briefs or at oral argument – *Schering-Plough Healthcare Products v. NB Bank*, 98 F.3d 904 (6th Cir. 1996).  A motion for reconsideration, however, "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998); *see also, Scottsdale Insur. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").  Plaintiffs have

offered no explanation as to why they are asking this Court to consider this case for the first time in their Motion for Reconsideration.

Third, consideration of the newly raised decision would not change the ultimate result in this case in any event.

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Reconsideration is DENIED.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 8, 2010, by electronic and/or ordinary mail.


S/Jennifer Hernandez
Case Manager